**UNITED STATES DISTRICT COURT**
**NORTHEN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES TALBOT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | ___________________ |
| | : | |
| **COAST DENTAL OF GEORGIA P.C., A Georgia Professional Corporation,** | : | |
| | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff James Talbot, ("Talbot" or "Plaintiff"), by and through his undersigned counsel, respectfully files this Complaint under the Americans With Disabilities Act (ADA), 42 USC Sec. 12101 et seq., action against Coast Dental of Georgia, P.C. ("'"Coast Dental") based on its discriminatory recission of a job offer based on his status as a recovered alcoholic, even though Plaintiff was a recovered alcoholic, not having had a drink of alcohol since 2013, had successfully completed rehabilitation in 2014 and has been fully licensed by the State of Georgia Board of Dentistry since 2019.

## JURISDICTION AND VENUE

1.

Dr. James Talbot is and has been at all times relevant to this matter a citizen and resident of Jasper, Pickens County, Georgia.

2.

Defendant Coast Dental of Georgia, P.C. is a Georgia Professional Corporation, is a citizen of the State of Georgia and its principal office at 5706 Benjamin Center Drive, Suite 103, Tampa, Florida 33634 and its Registered Agent is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Its parent company is believed to be Coast Dental Services, LLC, 5706 Benjamin Center Drive, Suite 103, Tampa, Florida 33634.

3.

The jurisdiction of this Court is invoked pursuant to its federal question jurisdiction provisions contained in 28 U.S.C. § 1331 and the jurisdictional provisions set forth in 42 USC Sec. 20002-5, which are incorporated by reference into the ADA at 42 USC Sec. 12117 (a).

4.

Venue is proper in this action because the unlawful employment practices occurred in this district and division.

5.

On September 30, 2020, the District Director of the Equal Employment Opportunity Commission in Atlanta, Georgia issued to Plaintiff the Notice of Suit Rights which provided that a lawsuit could be filed against Defendant within ninety (90) days of its issuance. This lawsuit is being filed on a timely basis.

## GENERAL ALLEGATIONS

### A. Dr. Talbot's Application with Coast Dental

6.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 5.

7.

Dr. Talbot applied for a position as a dentist with Coast Dental in early June 2019 after he was contacted by a Coast recruiter to work as a dentist at the Coastal Dental location in Acworth, Georgia. After interviewing Dr. Talbot and apparently checking references, Dr. Talbot was offered a position at the Coast Dental location in Acworth at a salary of $180,000 a year, plus moving expenses, plus a $10,000 signing bonus and asked to submit further information in order for Coast Dental to verify his credentials and license as a dentist qualified to practice. Dr. Talbot was

told that he would be earning $220,000 annually after one year of employment and work.

8.

Coast Dental made an excellent selection when it offered a dentist position to Dr. Talbot. He practiced for many years in North Georgia, grew up in North Georgia and wanted to stay in North Georgia. He attended the University of Georgia, graduating with a Bachelor of Science degree in 1981 and then attended Northwestern University Dental School in Chicago, Illinois, graduating with a DDS in 1986.

**B. Dr. Talbot's Disclosures to Coastal**

9.

On June 23. 2019, Dr. Talbot sent the following to Coast regarding his credentials:

> In July 2013 my dental license was suspended due to alcohol abuse, including a DUI conviction in April 2013. As a result, I surrendered my DEA license and insurance plans, including Medicaid, suspended me from being a provider on their plans. My hospital privileges at North Georgia Medical Center were also suspended.
>
> I was treated at MARR (Metro Atlanta Recovery Residences) February through May 2014 for alcohol addiction. Upon completion of treatment, I joined the Georgia Dental Association's Dental Recovery Network, which includes monitoring with random drug testing and

> a support network. The director of the program, Ms. Jane Walter, will attest that all my drug screens have been negative and that I am in compliance with my consent agreement. Her phone number is 404.376.5987.
>
> In February 2015 my dental license was restored followed by me DEA license. My quality of care was never an issue and I am happy to be practicing and helping my patients.

10.

The context and circumstances which led to Dr. Talbot's dental license suspension are relevant. The economic recession which began in 2009 adversely affected many people, including Dr. Talbot. Declining revenues at his dentistry practice substantially reduced his income, but he also had recently undergone a highly contested divorce, with substantial child support and alimony payment obligations. The combination of these and other related factors led to Dr. Talbot's alcohol abuse.

11.

Dr. Talbot's alcohol abuse resulted in him being arrested in late 2012 for a DUI and his misdemeanor conviction for that DUI in April 2013. His DUI was unrelated to any work-related activities. His license was then suspended in July 2013, and the Georgia Dental Licensing Board required him to undergo 90 days of inpatient alcohol treatment in order for his dental license to be reinstated.

12.

Dr. Talbot successfully completed the in-patient treatment between February and May 2014, agreed to random alcohol blood and urine tests several times per month following his completion of the inpatient program, and his license was fully reinstated by the Georgia Dental Licensing Board in February 2015.

**C. Dr. Talbot's Treatment and License Reinstatement**

13.

Since September 2013, Dr. Talbot has not had a single drink of alcohol, he attends Alcoholics Anonymous (AA) meetings on a regular basis, counsels other attendees at AA and teaches Augusta University Dental College of Georgia dental students in the art of dentistry at Good Samaritan Health & Wellness Center, where he is the dental director, in Jasper, Georgia. He also teaches Dental Hygiene students from Lanier Technical College in Gainesville, Georgia at his clinic.

14.

Since he stopped drinking alcohol in September 2013 and after his dental license was reinstated in February 2015, Dr. Talbot has been a model citizen, model dentist, and a teacher and mentor to Dental College of Georgia dental students, Lanier Technical College dental hygiene students and teaches continuing education classes for the Georgia Dental Association to dentists and dental

auxiliaries. Dr. Talbot is married to Beth, who fully supports his sobriety. There is simply no basis to believe that Dr. Talbot is impaired in any way in his ability to perform his duties as a dentist now or will be at any time in the future.

**D. Coast's Withdrawal of Dr. Talbot's Job Offer**

15.

Nonetheless, after Dr. Talbot was offered the position as dentist by Coast in late June 2019 and Dr. Talbot informed Coast of his 2012 DUI, his 2013 license suspension and of his recovered alcoholic status, Coast Dental rescinded his job offer as a dentist on July 8, 2019. Requests by Dr. Talbot to determine why his job offer had been rescinded were met with silence.

**COUNT I**
**(DISCRIMINATION UNDER THE ADA)**

16.

Alcoholism is a protected impairment and disability under the ADA and an alcoholic who is properly fully licensed with the Dental Board of the State of Georgia is protected from discrimination under the ADA.

17.

The withdrawal of the job offers as a dentist to Dr. Talbot at the Coast Dental office in Woodstock, Georgia was based solely on the discriminatory determination that Dr. Talbot was not insurable due to his alcoholism and because

he did not in the past have an unrestricted license to practice medicine. Further Coast stated that Dr. Talbot did not meet the minimum credential standards of Coast Dental "as dictated by third party payers, NCQA, URAC, CMS and Joint Commission.

18.

The credentialing standards of Coast Dental, however, which on their face are neutral criteria, were applied to Dr. Talbot in a discriminatory manner in that it does not allow for a reasonable accommodation for job applicants with disabilities, such as Dr. Talbot. Application of these neutral criteria without allowing for a reasonable accommodation which screens out qualified and ADA protected job applicants such as Dr. Talbot is prohibited by the ADA, 42 USC Sec. 12112 (b)(3) and 29 CFR Sec. 1630.10 and 1630.15.

**COUNT II**
**("REGARDED AS" DISCRIMINATION UNDER THE ADA)**

19.

The withdrawal of the job offer to Dr. Talbot was because Coast Dental subjectively and discriminatorily regarded Dr. Talbot as unqualified due to his disability of past alcoholism and resulting license suspension, a violation of 42 USC 12112(a). Such "regarded as" discrimination is prohibited by the ADA and

resulted in a discriminatory refusal to hire Dr. Talbot which constitutes a violation of the ADA.

**COUNT III**
**("RECORD OF" A DISABILITY DISCRIMINATION UNDER THE ADA)**

20.

The withdrawal of the job offer to Dr. Talbot was because Coast Dental discriminatorily reconsidered Dr. Talbot's record of his disability as a disqualifying factor due to his disability of past alcoholism and resulting license suspension, a violation of 42 USC 12112(a). Such discrimination based on his record of a disability is prohibited by the ADA and resulted in a discriminatory refusal to hire Dr. Talbot.

**PRAYER FOR RELIEF**

Wherefore, based on the foregoing, Plaintiff Dr. James Talbot prays for the following relief in this matter:

(a) That Dr. Talbot be awarded all relief available under the ADA, including backpay, reinstatement or alternatively front pay, compensatory and punitive damages, costs of this matter and attorneys' fees.

(b) That Dr. James Talbot be granted a trial by jury as to all issues;

(c) That Dr. James Talbot be granted injunctive and declaratory relief as appropriate; and

(d) That the Court grant Dr. James Talbot any and all other relief to which he may be entitled.

This 9th day of December 2020.

Respectfully submitted,

By: /s/ Gary R. Kessler
Gary R. Kessler
Gary R. Kessler P.C.
Georgia Bar No. 416562
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
404-237-1020 (office)
gkessler@martensonlaw.com
ATTORNEY FOR PLAINTIFF